### SPENCER SPRIGGINS V. THE STATE.

No. 2325.   Decided December 12, 1900.

**Murder—Evidence of Attempted Escape—Independent Crime.**

On a trial for murder, while it is competent to introduce evidence of defendant's attempted escape from jail, it is incompetent, in connection with this proof, to prove that defendant had assaulted the jailer and cut and stabbed him with a knife, that being an independent crime, and its proof being highly prejudicial to the rights of defendant.

APPEAL from the Criminal District Court of Harris.  Tried below before Hon. A. C. ALLEN.

Appeal from a conviction for murder in the second degree; penalty, fifteen years imprisonment in the penitentiary.

Appellant was charged by the indictment with the murder of one Jim Beck on the 3d of May, 1899, by cutting and stabbing him with a knife.

The disposition of the case on this appeal renders a general statement unnecessary, there being but one question discussed, which is fully stated in the opinion.

*W. F. Tarver,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years confinement in the penitentiary.  The State introduced Bennett, the assistant jailer, as a witness.  Appellant's counsel stated he understood what would be the testimony sought of this witness, and would object thereto; and asked the court to retire the jury, which was done.  Appellant then asked the prosecuting attorney what he proposed to prove by witness.  He declined to answer, remarking the witness was present on the stand, and defendant could find out what he knew.  Thereupon defendant began to question witness as to what he was called to prove, and asked him if he was not called to prove an assault upon him by appellant on August 20, 1900, while appellant was in jail.  Appellant's counsel asked the State's counsel if he simply wanted to prove by the witness the assault by appellant upon witness while in jail.  To this question the State answered "Yes."  Appellant objected to the whole of said testimony.  The court overruled the objection.  The jury was then recalled, and the examination of the witness proceeded.  The State not only showed by the witness such assault upon him, and effort of appellant to get out of the jail, but that said assault was made with a knife; and, before defendant could object to the voluntary answer of witness as to where he was cut by defendant in said assault, witness pulled up his sleeve on the right arm, and showed a cut across his right arm four or five inches above the wrist, and stated that the cut paralyzed the leader of

his little finger; and also pulled open his shirt front and showed a cut
or knife thrust on his breastbone or breast several inches below his
throat, made by defendant. Appellant objected, because it was proof
of an independent crime, because it prejudiced the jury against defend-
ant in an illegal way, so that thereafter they were trying appellant
not only on the charge of murdering Jim Beck (deceased), but also
for the assault to murder Bennett; that this testimony was brought
out so quickly as to surprise defendant's attorney, so that they could
not object at the time, etc. The learned judge appends the following
qualification: "Bennett, without being questioned further by the
State than if an assault was made on him in the jail by defendant
trying to escape, of his own accord made the exhibitions of the cut on
his wrist and the stabs on his breast as he was answering; and this was
neither objected to nor excepted to at the time it happened, and the
court considered there was no occasion to strike out the evidence, even
if required, as the witness testified that he had always been kind to
defendant, and conveyed him ice water, matches, and tobacco in jail,
and that there existed not the slightest cause for an assault upon him
of that character by defendant; and the court took the view that an
assault of such violence, and without any other reason for it, was a
strong circumstance tending to show attempt to escape; and no instruc-
tion to the jury to disregard any of the evidence was asked. The court
further considered that the objection to the witness testifying at all
was premature, and that objections should be made when a question
was asked, as until then the court could not intelligently rule." As
we understand this bill, appellant served notice upon the court and
district attorney that he not only objected to proof of the assault
in the jail on the jailer, but to any other testimony touching the mat-
ter that might be offered. We do not think it was necessary for appel-
lant to repeat his objections. However, the bill shows he attempted
to do so. We note the judge certifies the witness also testified that,
although appellant had assaulted witness, "he had always been kind
to him, conveyed him ice water, matches, and tobacco in jail, and there
existed not the slightest cause for the assault upon him of that char-
acter by defendant." The court also states that an assault of such
character as that made by appellant upon witness was a strong cir-
cumstance tending to show appellant attempted to escape. Flight is a
criminative circumstance that can always be proven where a party is
charged with crime; and we have held that, where a party attempts to
break jail after his incarceration, such attempt can be proven. Russell
v. State, 38 Texas Crim. Rep., 590. But we have never held that the
circumstances of the attempted escape can be proven. We have re-
peatedly held that independent crimes can not be introduced where
there is no connection shown between the independent crime and the
offense with which defendant is being tried, unless some system is
shown—such as arson or burglary. In most instances independent
crimes are never admissible, since they do not illustrate the act with

which defendant is being tried; nor do they throw any light upon his intent and motive in the transaction. Clearly, then, it would not be admissible to prove that appellant assaulted the jailer, and then go further, and prove he inflicted very great injury upon the jailer, and then to prove, as an aggravation of the outrage, that the jailer had been kind and humane in the discharge of his duties. All of this is clearly inadmissible. It is simply permissible to prove that appellant attempted to escape. This fact could be admitted in the trial of appellant for the murder of Jim Beck, deceased, as a circumstance to be considered by the jury in passing upon his criminality; but it was error to go further than this, and prove the circumstances, character, and extent of the assault, thereby prejudicing the rights of the defendant before the jury. It is true, as suggested by the learned judge, these would be circumstances indicating he was endeavoring to escape; but no circumstances were needed to demonstrate this, for the jailer positively testified defendant attempted to escape. This could be proved; only this, and nothing more. Believing the other errors assigned are not likely to arise on another trial, we will not review them. But, for the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*